UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                                        )
ARBORETUM SILVERLEAF INCOME FUND LP,   )
AND ACF CREDIT PROGRAM LLC,                          )
                                                                        )
        Plaintiffs,                                                 )
                                                                        )
vs.                                                                  )
                                                                        )
JEFF KATOFSKY AND THE SKG FAMILY TRUST,   )
                                                                        )
        Defendants.                                              )
_____)

## VERIFIED COMPLAINT

The Plaintiffs, by and through their attorneys, Burns & Levinson LLP, and complaining of the Defendants, allege as follows:

### PRELIMINARY STATEMENT

This action arises in connection with the Defendants' willful refusal to abide by personal and corporate guarantees.

### PARTIES

1. Plaintiff Arboretum Silverleaf Income Fund LP ("ASIF") is a duly organized Delaware partnership with a principal place of business in Portsmouth, New Hampshire.

2. Plaintiff ACF Credit Program LLC ("ACF") is a duly organized Delaware limited liability company with a principal place of business in Roswell, Georgia. No member of ACF resides in California.

3. Defendant Jeff Katofsky ("Mr. Katofsky") is an individual who resides in California.

4. Defendant The SKG Family Trust ("SKG Family Trust"; together with Mr. Katofksy, "the Guarantors") is a California Trust.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present matter as there is diversity of citizenship and the amount in controversy exceeds $75,000.00. See 28 USC § 1332(a)(1).

6. This Court has personal jurisdiction over the parties and venue is appropriate here for, among other reasons, the parties have agreed via the below described "Katofsky Agreement" and "SKG Agreement" to legal forum within the State of New York. See Exhibit A, ¶ 12 and Exhibit B, ¶ 22, respectively.

## FACTS

7. On or about December 5, 2019, Arboretum Commercial Finance, LLC, the originating division of the Arboretum Group (an equipment financing company), and Planet Clair LLC D/B/A St. Clair Inn ("Lessee") entered into the subject controlling Master Lease Agreement ("MSA"). A true and accurate copy of that MSA is appended hereto and incorporated herein by reference as Exhibit C.

8. On or about December 5, 2019, Mr. Katofsky guaranteed the MSA obligations. A true and accurate copy of the subject controlling Guarantee Agreement between Mr. Katofsky and Arboretum Commercial Finance, LLC ("Katofsky Agreement") is appended hereto and incorporated herein by reference as Exhibit A.

9. The Katofsky Agreement provided, among other things:

> Guarantor hereby absolutely and unconditionally guarantee, without deduction by reason of setoff, defenses or counterclaim, to Lessor and its legal representatives, successors, and assigns, and independently assumes liability to Lessor and its representatives, successors and, without any requirement whatsoever of resort by Lessor to any other party for the payment of all monthly rent, other charges, premiums or fees and any and all other payments, costs or expenses (including by not limited to indemnifications, late fees and attorneys' fees), however designated, required to be paid by Lessee pursuant to the terms of the Master Lease so long as any such amounts referred to in this clause remain outstanding under the Master Lease.

See Exhibit A, ¶ 1.1.

10. The Katofsky Agreement further states: "Upon any default or breach by Lessee of any of its duties or obligations under the Master Lease, Lessor may, but need not, at its sole option, proceed directly against Guarantor, without proceeding against Lessee or any other person or entity." <u>Exhibit A</u>, ¶ 1.2.

11. Also, on or about December 5, 2019, the SKG Family Trust guaranteed the MSA obligations. A true and accurate copy of the subject controlling Guarantee Agreement between SKG Family Trust and Arboretum Commercial Finance ("SKG Agreement"; together with the Katofsky Agreement, the "Guarantees") is appended hereto and incorporated herein by reference as <u>Exhibit B</u>.

12. The SKG Agreement provided, among other things:

> Guarantor unconditionally guarantees to Lessor, its successors and assigns the punctual payment when due (whether by acceleration or otherwise) of all rentals, taxes, reimbursements, casualty payments, termination payments, guaranties, indemnities and other monies provided for in the Lease and the due and punctual performance of all other covenants, agreements, undertakings and obligations of Lessee under the Lease and all expenses of collection or attempted collection thereof and of this guarantee including reasonable attorneys' fees. In the event Lessee fails to make any such payments or to perform such obligations, Guarantor shall unconditionally so perform such obligations or make such payments directly to Lessor or its Assigns immediately upon receipt from Lessor of notice of Lessee's failure. The Guarantor expressly waives any right to compel Lessor to proceed against Lessee, to proceed against or exhaust any security held from Lessee, or to pursue any other remedy whatsoever.

<u>Exhibit B</u>, ¶ 2.

13. ASIF and ACF were ultimately assigned Arboretum Commercial Finance, LLC's rights in the MSA, and its Schedules 1 and 2 thereto, as well as the Guarantees. More specifically as it relates to the Schedules, ASIF was assigned Schedule 1 and ACF was assigned Schedule 2.

14. On various occasions between May 20, 2020 and August 20, 2021, the parties to the MSA executed eight Amendments to Schedule 1 and Schedule 2.

15. Lessee ultimately defaulted under the MSA and Amendments No. 8 by failing to timely tender the payments due thereunder.

16. Said payment failure was an occurrence of default under the MSA (see <u>Exhibit C</u>, Section 9) and triggered, among other things, the Guarantors' various obligations.

17. Accordingly, on or about September 21, 2021, Plaintiffs notified Lessee (and Mr. Katofsky and SKG Family Trust) of said default. A true and accurate copy of the September 21, 2021 notice is appended hereto and incorporated herein by reference as <u>Exhibit D</u>.

18. The Lessee did not cure the subject default after or in response to the September 21, 2021 notice.

19. Indeed, the Lessee went silent and had no contact with Plaintiffs until in or around March 2022, at which time the Lessee requested yet another Amendment to the Schedule 1 and Schedule 2 of the MSA.

20. Without waiving any of their rights under the MSA and Guarantees, the Plaintiffs enforced their rights under the MSA and Guarantees and agreed to amend the MSA.

21. Amendment No. 9 to Schedule 1 of the MSA was agreed to on or about March 22, 2022 ("Amendment No. 9"). Amendment No. 9 to Schedule 2 of the MSA was agreed to on or about March 18, 2022. A true and accurate copy of Amendment No. 9 for each schedule is appended hereto and incorporated herein by reference as <u>Exhibit E</u>.

22. Shortly thereafter, on or about March 24, 2022, the Plaintiffs received a certain Notice of Receivership concerning Lessee. A true and accurate copy of the same is appended hereto and incorporated herein by reference as <u>Exhibit F</u>.

23. The Receivership itself is another occurrence of default under the MSA (see <u>Exhibit C</u>, Section 9).

24. The Guarantors are not parties to the Receivership.

25. The Receivership does not concern the Guarantees.

26. On May 27, 2022, Plaintiffs issued a demand for payment under the Guarantees. A true and accurate copy of that demand is appended hereto as Exhibit G.

27. The Guarantors refused or otherwise failed to satisfy the May 27, 2022 demand or comply with their respective Guarantee obligations.

28. On or about July 25, 2022, the Receiver commenced making certain adequate protection payments to Plaintiffs, for the benefit of the Receivership estate for the continued use of the Plaintiff's leased property on the premises of the Receivership estate (the "Receivership Adequate Protection Payments").

29. On or about July 26, 2022, an agreement was reached with Receiver regarding certain payments related to Schedule 1 of the MSA, only.

30. The Receivership Adequate Protection Payments did not cure or otherwise address in any manner the entire amounts already accelerated under the MSA or Schedules 1 and 2 thereof.

31. The Receivership Adequate Protection Payments did not cure or otherwise address in any manner the Lessee's continuing defaults under the MSA, nor did Plaintiffs agree to waive or otherwise those defaults thereby.

32. The Receivership Adequate Protection Payments did not address in any manner the amounts the Guarantors owe under their distinct obligations set forth in the Guarantees nor did Plaintiffs agree to waive any defaults or provide any release of any kind with respect to the Guarantees.

33. On July 29, 2022, Plaintiffs issued another demand to the Guarantors for payment of all sums due under the Guarantees. A true and accurate copy of that demand is appended hereto as Exhibit H.

34. The Guarantors refused or otherwise failed to satisfy the July 29, 2022 demand or comply with their respective Guarantee obligations.

35. The Lessee remains in default under and in breach of the MSA (and Schedules 1 and 2 thereof).

36. The Guarantors remain in default under and in breach of the Guarantees.

## COUNT I:
## (BREACH OF CONTRACT AGAINST MR. KATOFSKY)

37. Plaintiffs restate and incorporate by reference the allegations in the preceding Paragraphs as if stated fully here.

38. As pled above, Mr. Katofsky has materially breached the above-described valid and binding Katofsky Agreement.

39. Plaintiffs have suffered and continue to suffer harms as a direct, proximate and foreseeable result of Mr. Katofsky's material breach of the Katofsky Agreement, and Plaintiffs are entitled to recover their damages.

## COUNT II:
## (BREACH OF CONTRACT AGAINST THE SKG FAMILY TRUST)

40. Plaintiffs restate and incorporate by reference the allegations in the preceding Paragraphs as if fully stated here.

41. As pled above, Defendant SKG Family Trust has materially breached the above-described valid and binding SKG Agreement.

42. Plaintiffs have suffered and continue to suffer harms as a direct, proximate and foreseeable result of Defendant's material breach of the SKG Agreement, and Plaintiffs are entitled to recover their damages.

WHEREFORE, Plaintiffs pray that this Court:

a. Enter judgment in Plaintiffs' favor on each and every count of the Verified Complaint;

b. Award monetary damages under Count I;

c. Award monetary damages under Count II;

d. Award Plaintiffs' interest and attorneys' fees and costs; and

e. Award Plaintiffs such other relief as the Court deems just and proper.

Date: September 2, 2022

Respectfully Submitted,

Arboretum Silverleaf Income Fund LP, and
ACF Credit Program LLC,

By their attorneys,

/s/*Thomas T. Reith*
Thomas T. Reith, (BBO No. 648671)
treith@burnslev.com
Laura L. Mittelman (BBO No. 689752)
lmittelman@burnslev.com
Taylor M. Makson (BBO No. 697476)
tmakson@burnslev.com
Burns and Levinson LLP
125 High Street
Boston, MA 02110
617-345-3000

4862-4547-9472.1

## VERIFICATION

I, Michael Miroshnikov, holding the title of President of Arboretum Investment Advisors, LLC, and possessing first-hand personal knowledge of the facts at issue, hereby depose and state on August 25, 2022 under the pains and penalties of perjury that the above-pled allegations are true and accurate to the best of my knowledge.

_____
Michael Miroshnikov

4869-7017-0416.1