UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARBORETUM SILVERLEAF INCOME
FUND LP, AND ACF CREDIT
PROGRAM LLC,
                                    Plaintiffs,

                -v-

JEFF KATOFSKY AND THE SKG
FAMILY TRUST,
                                    Defendants.

22-CV-7522 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 ("Compl.") ¶ 5.) According to the complaint, Plaintiff Arboretum Silverleaf Income Fund LP is a "Delaware partnership." (*Id.* ¶ 1.) Plaintiff ACF Credit Program LLC is a "Delaware limited liability company." (Id. ¶ 3.) Plaintiff ACF Credit Program LLC represents that none of its members reside in California. Defendant Jeff Katofsky is alleged to "reside in California." (*Id.* ¶ 3.) Defendant The SKG Family Trust is alleged to be a California trust. (*Id.* ¶ 4.)

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). As relevant here, Congress has granted district courts original jurisdiction only over cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

1

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The complaint's allegations are insufficient to demonstrate the Court's subject matter jurisdiction. The place of registration and principal place of business of a limited partnership (LP) are irrelevant to the question of diversity of citizenship under § 1332. Rather, for purposes of diversity jurisdiction, an LP has the citizenship of each of its general partners *and* each of its limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000). Thus, in order to invoke this Court's diversity jurisdiction, Plaintiff Arboretum Silverleaf Income Fund LP must allege that the citizenship of each of its general and limited partners was diverse from the citizenship of the Defendants. To do so, it must identify all of its general and limited partners, or at a minimum confirm that none of them is a citizen of California.

Therefore, Plaintiff Arboretum Silverleaf Income Fund LP shall, on or before September 23, 2022, either (1) show cause as to why its complaint should not be dismissed for lack of subject matter jurisdiction, or (2) move to file an amended complaint that properly pleads jurisdiction. If Plaintiff fails to do so, this action may be dismissed.

SO ORDERED.

Dated: September 9, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge